UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-151 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Antonio Early, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant Paul Antonio Early's Motion for New Counsel, ECF No. 27 ("Motion"). Defendant brings this Motion on a pro se basis. *Id.* A hearing was held on December 10, 2024. *See* ECF Nos. 31 and 33. Assistant United States Attorney Kristian C.S. Weir appeared on behalf of the United States of America (the "Government"). CJA Appointed Attorney Robert M. Paule appeared as well as Defendant Paul Antonio Early ("Defendant"). *See* ECF No. 33. Given the Motion's subject matter, the Court excused Government counsel and sealed the record to hear from both Defendant and Defendant's counsel. After hearing from Defendant and his counsel, the Court invited Government counsel back into the courtroom and unsealed the record.

## II. ORDER

Defendant requests the Court to appoint new counsel to represent him due to, among other things, a complete breakdown in attorney-client communications. *See* ECF No. 27. Neither Defendant's counsel nor the Government take a position on Defendant's request.

1

*See* Gov't's Resp., ECF No. 32. Based on the record before the Court, including the record during the sealed portion of the hearing, the Court finds good cause to grant the request because a complete breakdown in attorney-client communications has been shown. *See United States v. Rodriguez*, 612 F.3d 1049, 1054 (8th Cir. 2010) ("[J]ustifiable dissatisfaction necessitating new counsel can arise from an irreconcilable conflict between the defendant and the attorney, a complete breakdown in their communications, or an actual conflict of interest resulting from continued representation.").

The Court, again, emphasizes for Defendant that "[t]he Sixth Amendment entitles criminal defendants to effective assistant of counsel which means the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006) (quotation omitted). "[G]eneral dissatisfaction with counsel's performance or disagreement with [counsel's] tactical decisions d[oes] not automatically entitle [Defendant] to new counsel." *Rodriguez*, 612 F.3d at 1055 (citing *Boone*, 437 F.3d at 839). Nor does Defendant have a right to an attorney who will docilely do as told or advance meritless legal theories. *Id.* (quotation and citations omitted). A criminal defendant also does not have the right to a meaningful relationship with appointed counsel. *Id.* Notwithstanding the above, the Court finds good cause to grant the Motion.

Furthermore, the Court has already determined that Defendant is eligible for the services of the Federal Defender, *see* ECF No. 10, pursuant to 18 U.S.C. § 3006A. Thus, the Court will appoint a member of the Criminal Justice Act conflicts panel as counsel for Defendant for the remainder of the case. The Court will also set the hearing on Defendant's

filed pretrial motions once new counsel has been appointed and will give Defendant the opportunity to adopt any previously filed pretrial motions and to file any supplemental pretrial motions after having the opportunity to consult with his new counsel.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for New Counsel, ECF No. 27, is **GRANTED**.

2. Pursuant to 18 U.S.C. § 3006A, a member of the Criminal Justice Act conflicts panel is appointed as counsel for Defendant.

Dated: December 10, 2024

<u>s/Tony N. Leung</u>
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Early*
Case No. 24-cr-151 (ECT/TNL)