UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 24-cr-151 (ECT/JFD) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Paul Antonio Early, *a/k/a Stamps*, | |
| Defendant. | |

Kristian C.S. Weir and Thomas Calhoun-Lopez, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Catherine L. Turner, Minneapolis, MN, for Defendant Paul Antonio Early.

Magistrate Judge John F. Docherty issued an Order and Report and Recommendation [ECF No. 63] concerning three motions to suppress and a motion for a *Franks* hearing filed by Defendant Paul Antonio Early [ECF Nos. 25–26, 43]. Mr. Early objects to Judge Docherty's denial of his motion for a *Franks* hearing and to the recommendations as to the remaining motions. ECF No. 67. Because a *Franks* hearing motion is non-dispositive, Judge Docherty's Order will be reviewed for clear error in this respect. *See United States v. Mays*, No. 19-cr-0075, at *4 (ECT/HB), 2019 WL 4565636 (D. Minn. Sept. 20, 2019), *aff'd*, 993 F.3d 607 (8th Cir. 2021); 28 U.S.C. § 636(b)(1)(A); L.R. 72.2(a)(3). The recommendations will be reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Mr. Early's objections will be overruled, Judge

Docherty's Order will be affirmed, and his recommendations will be accepted. This Order presumes familiarity with the Order and Report and Recommendation.

I

On January 31, 2024, a 911 call reported narcotics dealing "involving a red GMC Terrain, MN license LKG690" at a strip mall located on the corner of Franklin Avenue East and Chicago Avenue South in Minneapolis, Minnesota. U.S. Ex. 1 at 2.[1] The caller reported "white stuff" being sold. *Id.* Later review of video footage from the strip mall that day showed "a red GMC Terrain . . . being driven by a male in a green camo jacket, black striped pants, black hat, [and] black facemask." *Id.* at 3. The male took off his camouflage jacket which revealed "a black shirt/jacket with distinct lines on the sleeves and [a] white emblem on [the] chest" underneath. *Id.*

Later that same day, gunshots were heard near 19th Street East and Nicollet Avenue in Minneapolis, Minnesota, which is "not far" from the strip mall. *Id.* at 2–3. Video footage showed "a dark colored GMC Terrain SUV arrive and park on 19th Street, just east of Nicollet." *Id.* at 2. The driver exited the vehicle, fired a handgun, and returned to the vehicle. *Id.* The suspect "appear[ed] to be a light skinned black male, who [was] wearing distinct clothing, including a black sweatsuit with stripes down the leaves [sic] and pants legs, along with a black hat and black facemask. There [was] also a small white symbol on the chest." *Id.*

---

[1] This exhibit is comprised of a search warrant and accompanying application, which includes an affidavit signed by Sergeant Adam Lepinski in support of the application. The facts are largely drawn from Sergeant Lepinski's affidavit because no other evidence of the facts occurring prior to Mr. Early's arrest have been provided.

On February 1, 2024, law enforcement was conducting surveillance at the strip mall where they observed the red GMC Terrain, and noticed its driver "was wearing a camo jacket, black face mask and black hat." *Id.* at 3; *see also* Def. Ex. 2 at 0:39–2:52 (Mr. Early's attire during his arrest); *id.* at 3:27–3:31 (red GMC Terrain located in the parking lot). The officers identified Mr. Early as the driver. U.S. Ex. 1 at 3. The officers observed Mr. Early "conducting multiple hand to hand transactions, disappearing in the alleyways quickly with presumed customers, and in one case taking money from an individual in a car that pulled up to him." *Id.* Mr. Early was arrested for "PC narcotics." *Id.* Upon search, the officers found Mr. Early possessed "the keys to the GMC Terrain that was parked in the parking lot," but "[n]o firearm or narcotics were found on his person." *Id.*; *see also* Def. Ex. 2 at 1:30–3:02 (showing officers searching Mr. Early).

II

Mr. Early objects to Judge Docherty's determination that there was probable cause to arrest Mr. Early without a warrant. ECF No. 67. To summarize, Judge Docherty concluded that probable cause supported Mr. Early's arrest based essentially on law enforcement observations that Mr. Early was seen "disappearing into [the] alleyways quickly with presumed customers, and in one case taking money from an individual in a car that pulled up to him," and Sergeant Adam Lepinski's experience, which included observing drug dealers use a nearby vehicle to store drugs. ECF No. 63 at 10 (quoting U.S. Ex. 1 at 3–4).

Mr. Early argues that the officers failed to "corroborate their presumptions that Mr. Early was engaging in hand-to-hand transactions" and that Judge Docherty inappropriately

3

relied on Sergeant Lepinski's training and experience in light of the comments made by Officer Michael Selle regarding his "enthusiasm and determination to arrest Mr. Early because he thought that Mr. Early 'shot at a cop.'" ECF No. 67 at 1–2; *see, e.g.*, Def. Ex. 2 at 8:36–8:45 ("Somebody almost shot a cop last night. Accident or not, I wanted to get this guy this morning . . . .").

"A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *United States v. Guevara*, 731 F.3d 824, 832 (8th Cir. 2013) (citation omitted). "Probable cause to make a warrantless arrest exists 'when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1059 (8th Cir. 2013) (quoting *Borgman v. Kedley*, 646 F.3d 518, 522–23 (8th Cir. 2011)). Put another way, "[p]robable cause for a warrantless arrest depends upon whether, at the moment the arrest was made, the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *United States v. Tovar-Valdivia*, 193 F.3d 1025, 1028 (8th Cir. 1999) (citation modified).

The officers had probable cause to arrest Mr. Early. The officers had seen him "disappearing in the alleyways quickly" with individuals the officers "presumed" were "customers" and observed him "tak[e] money from an individual in a car that pulled up to him." U.S. Ex. 1 at 3. There had also been a 911 call reporting that "dealer(s) [were] selling 'white stuff'" at the same location where a "red GMC Terrain" was present. *Id.*

4

at 2.  In sum, probable cause was not based solely on unsupported assumptions by the officers as Mr. Early suggests.  There were sufficient indicia of drug transactions to provide probable cause, and the officers were not required to confirm Mr. Early was in fact engaging in drug transactions before arresting him.

Similarly, Officer Selle's statements do not undermine Judge Docherty's reliance on Sergeant Lepinski's training and experience.  "An officer's training and experience should be taken into account when determining probable cause."  *United States v. Mims*, 122 F.4th 1021, 1031 (8th Cir. 2024) (first citing *United States v. Wallraff*, 705 F.2d 980, 988 (8th Cir. 1983); and then citing *United States v. Keele*, 589 F.3d 940, 944 (8th Cir. 2009)).  Moreover, "[a]n action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively*, justify the action."  *Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) (citation modified).  In other words, "[t]he officer's subjective motivation is irrelevant."  *Id.*  Considered against these well-established principles, it is difficult to understand how Officer Selle's comments might cast doubt on the appropriateness of considering Sergeant Lepinski's training and experience as part of the probable-cause determination.

III

Mr. Early next makes a non-specific objection to Judge Docherty's conclusion that Mr. Early's February 2, 2024 police interview statements should not be suppressed under *Miranda v. Arizona*, 384 U.S. 436 (1966).  ECF No. 67 at 2; *see* ECF No. 26 at 2 (noting the date of the interview).  Mr. Early argues that his statements were not voluntary but were the "product of a mind under the influence of controlled substances."  ECF No. 67 at 2.

5

According to Mr. Early, he communicated to the officers he "was coming down from drugs" and "going through withdrawals" from K2, a synthetic form of marijuana. ECF Nos. 26, 55 at 7. And after the officers advised Mr. Early of his *Miranda* rights, Mr. Early "indicated he understood" with a "grunt," rather than an affirmative waiver. ECF Nos. 26, 55 at 7.

A defendant "has the initial burden of making a prima facie showing of illegality" at a suppression hearing, "even in those circumstances where the Government has the ultimate burden of persuasion." *United States v. Starks*, 193 F.R.D. 624, 628 (D. Minn. 2000); *accord United States v. Edwards*, 563 F. Supp. 2d 977, 994 (D. Minn. 2008) ("[A]s the moving party, at a minimum it is defendant's burden to come forth with some evidence and argument to support his position that evidence, statements or a witness identification should be suppressed."), *aff'd sub nom. United States v. Bowie*, 618 F.3d 802 (8th Cir. 2010); *United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 10886800, at *6 (D. Minn. Aug. 29, 2019), *R. & R. adopted*, 2020 WL 4727436 (D. Minn. Aug. 14, 2020).

"A waiver is voluntary if it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. Gaddy*, 532 F.3d 783, 788 (8th Cir. 2008) (citation omitted). "[T]o determine whether a confession was voluntary, [a court] look[s] to the 'totality of the circumstances and must determine whether the individual's will was overborne.'" *Id.* (quoting *United States v. Castro-Higuero*, 473 F.3d 880, 886 (8th Cir. 2007)). Though drug use is relevant to the analysis, *id.*, "[s]imply because [a defendant] was under the influence of drugs does not automatically render his confession involuntary," *United States v. Howard*, 532 F.3d 755, 763 (8th Cir. 2008).

6

Rather, a defendant "must show his intoxication caused his will to be *overborne*." *Id.* As Judge Docherty correctly observed, there are many cases in which defendants failed to make the requisite showing despite being under the influence of drugs. *See, e.g.*, *Gaddy*, 532 F.3d at 788–89 (holding defendant's waiver of *Miranda* rights was voluntary though defendant had not slept the prior night and consumed drugs and alcohol several hours beforehand); *United States v. Turner*, 157 F.3d 552, 556 (8th Cir. 1998) ("Even if [the defendant] was intoxicated by PCP at the time of his confession, . . . the evidence shows that he understood his rights and knowingly waived them.").

Mr. Early's objection will be overruled because he fails to provide any evidence his will was overborne such that his waiver of rights was involuntary. No testimony, affidavits, recordings or other evidence was provided indicating Mr. Early's state of mind during his interview. The closest Mr. Early comes to making the requisite showing is stating that he "grunted" to indicate he understood his rights. ECF No. 55 at 7. However, Mr. Early failed to provide evidence to support this assertion. On the contrary, the provided body-worn camera footage[2] shows Mr. Early was able to converse coherently with law enforcement. *See, e.g.*, Def. Ex. 2 at 49:17–23 at 53:44–54:30 (asking a series of questions relating to how Officer Selle knew about his brothers); *id.* at 1:01:24–1:02:18 (discussing his compliance with predatory-offender requirements).

---

[2]   The only body-worn camera footage provided was from the day of Mr. Early's arrest on February 1, 2024. *See generally* Def. Exs. 1–2. According to Mr. Early, his police interview took place the following day. *See* ECF No. 26 at 2.

IV

Mr. Early objects to Judge Docherty's denial of his motion for a *Franks* hearing. ECF No. 67 at 2–3.  Mr. Early argues suspicion of drug sales provided mere pretext for the officers' true reason for arresting Mr. Early, and there was no evidence Mr. Early was engaged in drug sales.  *Id.* at 2.  He also contends that Officer Selle's statements relating to the SUV license plates "warrant[s] further inquiry into the actions and motives" of the officers.  *Id.* at 2–3.  As noted, Mr. Early's objections to the denial of his motion for a *Franks* hearing is reviewed for clear error.  28 U.S.C. 636(b)(1)(A).  "A ruling is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed."  *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (citation modified).

Mr. Early's objections are merely a reiteration of his initial argument.  *Compare* ECF No. 55 at 3–7, *with* ECF No. 67 at 2–3.  Judge Docherty's findings and accompanying explanation addressed these very arguments.  *See* ECF No. 63 at 12–15.  Having reviewed the Order, and finding no clear error, Mr. Early's objections to the denial of a *Franks* hearing will be overruled and the Order will be affirmed.[3]

---

[3]   Mr. Early's objections would be overruled even under *de novo* review.  There is "a presumption of validity with respect to the affidavit supporting the search warrant."  *Franks v. Delaware*, 438 U.S. 154, 171 (1978).  Thus, the requisite substantial preliminary showing requires "an offer of proof."  *Id.*  Specifically, the defendant must provide allegations that "point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained."  *Id.*; *see also United States v. Anderson*, 243 F.3d 478, 482 (8th Cir. 2001) ("[A] mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is

V

Mr. Early also objects to Judge Docherty's recommendation that his motion to suppress be denied. ECF No. 67 at 2. Mr. Early contends Sergeant Lepinski's affidavit did not provide probable cause. *Id.*

The Fourth Amendment requires search warrants to be justified by probable cause. U.S. Const. amend. IV. "Probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place, given the circumstances set forth in the affidavit." *United States v. Colbert*, 605 F.3d 573, 576 (8th Cir. 2010) (quoting *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010)). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). The probable cause determination requires applying a totality of circumstances test, *United States v. Hager*, 710 F.3d 830, 836 (8th Cir. 2013), as well as conducting "a commonsense analysis of the facts available to the judicial officer who issued the warrant," *Colbert*, 605 F.3d at 576. The issuing magistrate's determination of probable cause must be afforded "great deference," *United States v. Lucca*, 377 F.3d 927, 933 (8th Cir. 2004), and should be affirmed so long as there was a "substantial basis for concluding that probable cause existed," *United States v. Garcia-Hernandez*, 682 F.3d 767, 771 (8th Cir. 2012) (citation omitted); *see also United States v. Leichtling*, 684 F.2d 553,

---

insufficient to make the difficult preliminary showing." (quoting *United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 1998)). Mr. Early failed to provide any proof Sergeant Lepinski made a knowing or reckless false statement or omission.

555 (8th Cir. 1982) ("[R]eviewing courts should interpret affidavits for search warrants in a commonsense and realistic fashion, and deference is to be accorded an issuing magistrate's determination of probable cause."). "In general, an officer's underlying motive for obtaining [a] warrant is irrelevant . . . ." *United States v. Romo-Corrales*, 592 F.3d 915, 919 (8th Cir. 2010).

The warrant was supported by probable cause. Sergeant Lepinski's affidavit included detailed information regarding the 911 call on January 31 for narcotics sales and the shooting incident that occurred that same day "not far" from where the drug sales were reported. U.S. Ex. 1 at 2–3. The affidavit reports that a "red" or "dark colored" GMC Terrain was located at both incidents on January 31 and then again at Mr. Early's arrest the next day. *Id.* Mr. Early had the keys to the vehicle in his pockets at the time of his arrest. *Id.* at 3; *see also* Def. Ex. 2 at 1:30–3:02. The affidavit also includes that upon arrest, Mr. Early was wearing clothing like that worn by the shooting suspect and the individual located at the strip mall the day prior. U.S. Ex. 1 at 3. While surveilling Mr. Early on February 1, officers saw him engage in particular conduct which Sergeant Lepinski found "consistent with narcotics dealing." *Id.* Though "[n]o firearm or narcotics were found on [Mr. Early's] person," in Sergeant Lepinski's training and experience, it is common for "prohibited persons" to keep their firearms or narcotics by them but not on their person while selling narcotics. *Id.* at 3–4. Specifically, one might keep their narcotics in a locked

vehicle. *Id.* at 4.  These circumstances are enough to provide probable cause to issue a search warrant.[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant's Objections to the Order and Report and Recommendation [ECF No. 67] are **OVERRULED**.

2. The Report and Recommendation [ECF No. 63] is **ACCEPTED** in full.

3. The Order [ECF No. 63] is **AFFIRMED**.

4. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [ECF No. 25] is **DENIED**.

5. Defendant's Motion to Suppress Statements Due to Lack of Voluntariness [ECF No. 26] is **DENIED**.

6. Defendant's Motion to Suppress Evidence Obtained as a Result of a Search Warrant [ECF No. 43] is **DENIED**.

Dated:  August 6, 2025                                    s/ Eric C. Tostrud
                                                          Eric C. Tostrud
                                                          United States District Court

---

[4] Mr. Early objects to Judge Docherty's finding the officers "were operating in good faith." ECF No. 67 at 3.  To the extent this is a challenge to Judge Docherty's application of the *Leon* good faith doctrine, *see* ECF No. 63 at 16–18; *see also United States v. Leon*, 468 U.S. 897 (1984), it need not be addressed.  Because there is no reason to find the search warrant invalid, the *Leon* good faith issue need not be reached.  *See United States v. Hyten*, 5 F.3d 1154, 1156 n.5 (8th Cir. 1993) ("Because we find the warrant to be constitutionally valid, we need not reach the *Leon* 'good faith' exception to the exclusionary rule.").

11