**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                          Case No. 24-CR-151 (ECT/JFD)

Plaintiff,

v.                                                                **ORDER**

Paul Antonio Early,

Defendant.

This matter is before the Court on Defendant's Motion to Reopen Previous Motions and to File Untimely Motions (Dkt. No. 86). This order is issued on that motion alone, without a response from the government. The Motion is respectfully denied. Mr. Early is charged by Indictment (Dkt. No. 1) with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

This case has been in pretrial status for more than one and one-half years, during which time there have been an unusually large number of changes and substitutions of Mr. Early's legal counsel. Since his initial appearance on June 17, 2024 (Dkt. No. 7), Mr. Early has been represented by at least three different appointed lawyers, the third of whom substituted into this case on February 6, 2026. (*See* First Order Appointing Attorney, Dkt. No. 10; Second Order Appointing Attorney, Dkt. No. 35; Order for Substitution of Counsel, Dkt. No. 84.) Mr. Early's first attorney, Mr. Robert Paule, was appointed shortly before his detention hearing, in the normal course of attorney appointment from the panel of private attorneys who receive referrals from the Federal Defender pursuant to the Criminal Justice

1

Act. (*See* First Order Appointing Attorney, Dkt. No. 10.) Within six months, Mr. Early filed a motion for a new attorney, asserting various points of disagreement between himself and Mr. Paule. (Motion for New Counsel, Dkt. No. 27.) That motion was granted by Magistrate Judge Tony Leung, to whom this case was referred at the time. (Second Order Appointing Attorney, Dkt. No. 35.)

When Mr. Early was provided a substitute attorney in December of 2024, he had pending pretrial motions, which were continued and added to by his new counsel, Ms. Catherine Turner, another member of the Criminal Justice Act panel. (*See* December 20, 2024 Order, Dkt. No. 36.) Ms. Turner represented Mr. Early from December 2024 through February 2026, during which time she filed additional motions, argued and briefed those motions before the Court, objected to the Court's Report and Recommendation on those motions, and began preparing for trial. On February 4, 2026, Katherian Roe, Chief Federal Defender for the District of Minnesota, filed a motion requesting that Assistant Federal Defender Aaron Morrison be substituted for Ms. Turner, and the undersigned granted that motion. (*See* Order for Substitution of Counsel, Dkt. No. 84.) The only evidence provided to the Court that Mr. Early had any issues at all with Ms. Turner was found in Ms. Roe's Motion, which stated "Both Ms. Turner and Mr. Early have made a sincere effort to work together, but under the circumstances, both agree that a change in counsel would be beneficial." (Motion for Appointment of Substitute Counsel, Dkt. No. 83.) Throughout all these proceedings, Mr. Early was detained in the custody of the United States Marshals' Service.

Mr. Morrison now asks the Court to delay this case further and give Mr. Early the opportunity to take a third swing at pretrial motions. The primary basis for the motion is alleged inadequacy in the quality of Ms. Turner's representation of Mr. Early. The Court rejects any implication of ineffectiveness of Ms. Turner's representation of Mr. Early and denies the motion.

Both formulations of this motion (*i.e.*, a Motion to File Untimely Motions and a Motion to Reopen Previous motions) fall within the discretionary powers of the Court to control its docket, ensure proceedings occur in a just and efficient manner, and protect the right of the defendant and the public to a speedy trial. The Court may consider, at its discretion, untimely pretrial motions "if the party shows good cause" for the delay. Fed. R. Crim. P. 12(c)(3). To show "good cause," the movant bears the burden of showing "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019). To the extent that Mr. Early's motion seeks to file additional motions, the motion is denied. Although Mr. Early certainly faces severe consequences if he is convicted, he has had ample opportunity to raise his concerns, both about the admissibility of the evidence to be offered against him and about the quality of Ms. Turner's representation. This Court issued its Report and Recommendation on Mr. Early's motions over eight months ago, and Judge Tostrud accepted it over six months ago. The parties have already begun trial preparation, and delaying trial another several months, likely well past the second anniversary of Mr. Early's incarceration in this case, is not an outcome the Court can endorse.

After a motion to suppress has been decided, it is within the Court's discretion to reopen a suppression hearing upon a party's request. *See United States v. Chavez Loya*, 528

F.3d 546, 555 (8th Cir. 2008) (citing *United States v. Gill*, 513 F.3d 836, 846 (8th Cir. 2008)). The Eighth Circuit has identified two factors to be considered in the context of a request to reopen a suppression hearing. First, the Court should examine whether there is an explanation as to why the evidence proffered could not have been raised during the initial suppression determination. *See Chavez Loya*, 528 F.3d at 555. Second, the Court should consider whether the evidence would have an impact on its earlier ruling. *See United States v. Walker*, 840 F.3d 477, 484 (8th Cir. 2016); *see also United States v. Guzman*, No. 18-00325-01-CR-W-BCW, 2021 WL 4787199, at *4 (W.D. Mo. Mar. 3, 2021), *R&R adopted*, 2021 WL 4787275 (W.D. Mo. Oct. 13, 2021).

Both of these factors support denying Mr. Early's motion. Mr. Early has identified no new evidence that could not have been provided at the initial suppression hearing. Rather, he claims that there was evidence and testimony available to Ms. Turner that she should have presented to the Court in support of her motions. He also has not provided the Court with evidence showing that the evidence he seeks to add to the record would have any impact on the ultimate question of the admissibility of the evidence he seeks to suppress. Granting Mr. Early's motion would almost certainly require this Court to agree with Mr. Early's characterizations of Ms. Turner's representation as "[in]competent" or "deficient" (*see* Motion 3–4, Dkt. No. 86), and the Court cannot and will not do so on the information before it. In a recent order, the Court wrote that "Mr. Early is represented by highly competent defense counsel." (Text-Only Order, Dkt. No. 82.) That statement, made about Ms. Turner, was true when made and remains true today. That Mr. Early or Mr. Morrison would have, in hindsight, made different choices is of no moment.

Perhaps anticipating this conclusion, Mr. Early argues that "[r]eopening the motions in this case goes a long way to ensure Mr. Early's rights are vindicated, and perhaps more importantly reopening the motions communicates to him that the justice system honors the core tenet of due process." (Motion at 4, Dkt. No. 86.) This is, of course, an important consideration. The judiciary is called upon not only to do justice, but to appear to those who interact with it that it does justice. This Court agrees that not only is it important that Mr. Early be treated with justice, but that Mr. Early (whatever the outcome of his case) perceive that he was treated with justice. This case has abundant examples of the Court and the attorneys who practice before it providing Mr. Early with the process he is due as a criminal defendant and the respect he is owed as a person. Any remaining concerns Mr. Early has about his treatment in this case, especially after the extensive leeway he has already been given, cannot counterbalance the length of time this case has been pending, the multiple opportunities Mr. Early has been given to contest the evidence against him, and the fact that it has now been six months since Judge Tostrud accepted the Report and Recommendation in this case. And as a practical matter, given the history of this case, the Court is not sure it can do more to assuage Mr. Early's concerns.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Mr. Early's Motion for Leave to File Untimely Motions and Reopen Previously Filed Motions (Dkt. No. 86) is **DENIED.**

Dated: February 26, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge