UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,                          File No. 24-cr-151 (ECT/JFD)

      Plaintiff,

v.                                                 **OPINION AND ORDER**

Paul Antonio Early,

      Defendant.

---

This case is scheduled for trial beginning Monday, April 13. ECF No. 80. In anticipation of trial, the Government and Defendant Paul Antonio Early have filed motions *in limine*. ECF Nos. 94, 99, 105, 107. The parties gave oral argument at the pretrial hearing, and I ruled on several motions from the bench and left five others to address in this Order.

*Mr. Early's Motion No. IV*

Mr. Early moves to exclude evidence of uncharged conduct from January 31, 2024. ECF No. 94 at 3–6. On January 31, 2024, an individual called the Minneapolis police telling them that people were selling drugs—including "white stuff"—in the Golden Fingers restaurant parking lot. *Id.* at 4; Gov't Ex. A at 1:14–16. The caller identified several vehicles, one of which was a red GMC Terrain with license plate LKG690. Gov't Ex. A at 1:38–2:00. A surveillance video from that day shows a man in a camouflage-pattern parka with a fur-trimmed hood driving the Terrain. Acting on this information, Minneapolis Police went to the Golden Fingers the next day, February 1, 2024. ECF No.

97 at 3–4.  They observed Mr. Early, wearing a camouflage parka with fur trim, "conduct what appeared, based on their training and experience, to be multiple hand-to-hand drug sales." *Id.* at 4–5.  They detained and searched Mr. Early, finding keys to the Terrain. *Id.* Police obtained a search warrant for the vehicle, and they discovered thirty-eight bindles of suspected cocaine in the lining of the driver-side visor area. *Id.*  The Government charged Mr. Early with possession with intent to distribute cocaine for his actions on February 1, but not for his conduct on January 31.  ECF No. 1 at 1.  Mr. Early argues that including evidence of the January 31 event would violate the Fifth and Sixth Amendments, as well as Federal Rules of Evidence 402, 403, and 404(b).  ECF No. 94 at 3.  This motion will be denied.

Rule 402 provides that relevant evidence is admissible unless it violates the Constitution, federal statutes, the Rules of Evidence, or other rules prescribed by the Supreme Court, and that irrelevant evidence is not admissible.  Fed. R. Evid. 402; *see* Fed. R. Evid. 401 (defining relevance as probative and material).  Here, Mr. Early's conduct on January 31 is relevant to his possession and knowledge of the items in the vehicle, and his intent to distribute drugs in the Golden Fingers parking lot.

"Rule 404(b) [of the Federal Rules of Evidence] 'excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort.'" *United States v. Guzman*, 926 F.3d 991, 999 (8th Cir. 2019) (quoting *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006)).  The Rule requires the Government in a criminal case to

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). Mr. Early argues the Government's failure to notify him that the January 31 evidence would be introduced is grounds for exclusion. ECF No. 94 at 4; *see United States v. Abarca*, 61 F.4th 578, 580–81 (8th Cir. 2023). He also points to *United States v. Airhart*, 147 F.4th 860 (8th Cir. 2025).

The January 31 conduct, however, is not subject to Rule 404(b). "It is well established that where evidence of another crime is so intertwined with the offense of conviction that proof of one incidentally involves the other or explains the circumstances of the other, it is not extrinsic." *United States v. Molina*, 172 F.3d 1048, 1055 (8th Cir. 1999). In *Molina*, an uncharged controlled buy was "related to the subsequent buys and [helped] explain the basis for the undercover operation," so it was "not subject to a Rule 404(b) analysis." *Id.* Similarly, in *United States v. Shores*, 700 F.3d 366, 371 (8th Cir. 2012), an uncharged September 15 hand-to-hand drug transaction was "sufficiently intertwined" with the charged September 16 transaction. There, "the testimony regarding the hand-to-hand transaction formed a critical component of the officer's basis for obtaining a warrant to search Shores's residence and therefore was also intrinsic evidence." *Id.* Here, the January 31 conduct was similarly intertwined with the February 1 conduct

3

and provided the basis for the investigation, so it is intrinsic evidence not subject to Rule 404(b).

*Airhart* does not instruct otherwise. In that case, the defendant was convicted of unlawful possession of ammunition. *Airhart*, 147 F.4th at 862. The Government introduced a box of ammunition and stray bullets found in the defendant's sister's bedroom dresser, *id.* at 863, but this evidence was disconnected from the shooting outside the apartment and did not help "complete the story of the charge Airhart faced or provide any context for the shooting." *Id.* at 864 (citation modified). That's not the case here. Mr. Early's January 31 conduct explains why police were investigating the Golden Fingers parking lot on February 1 and provides important context for the charged offense.

Mr. Early claims there is unfair prejudice in admitting the January 31 conduct, and that the evidence is minimally probative, ECF No. 94 at 5, but this is not convincing. Rule 403 permits but does not require a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." This evidence is not unfairly prejudicial—it is not "a broad presentation of bad-act evidence," as Mr. Early claims, *id.*, but specific conduct that makes sense of the police investigation into the alleged offense. In any case, whatever prejudicial effect exists does not substantially outweigh the probative value of the evidence. *See Molina*, 172 F.3d at 1056 (finding Rule 403 did not warrant excluding similar evidence).

Mr. Early argues that admission of this evidence would violate the Grand Jury Clause of the Fifth Amendment and the right to adequate notice under the Sixth

4

Amendment. *Id.* at 5–6. The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." U.S. Const. amend. V. The Grand Jury Clause is violated if the "the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict the defendant on an offense different from or in addition to the offenses charged in the indictment." *United States v. Shaver*, 955 F.3d 685, 694 (8th Cir. 2020) (quoting *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007)). That violation is called a constructive amendment of the indictment. *Id.* The Sixth Amendment right to adequate notice is also implicated "when the evidence presented proves facts that are materially different from those alleged in the indictment." *Whirlwind Soldier*, 499 F.3d at 870 (quoting *United States v. Buchanan*, 574 F.3d 554, 564 (8th Cir. 2009)); *see* U.S. Const. amend VI (guaranteeing criminal defendants the right "to be informed of the nature and cause of the accusation"). This is known as a "variance," and "the basic difference between a constructive amendment and a variance is [that] a constructive amendment changes the charge, while the evidence remains the same; a variance changes the evidence, while the charge remains the same." *Whirlwind Soldier*, 499 F.3d at 870 (quoting *United States v. Stuckey*, 220 F.3d 976, 981 (8th Cir. 2000)). "A constructive amendment is reversible error per se, but a variance is subject to the harmless error rule." *Stuckey*, 220 F.3d at 981; *see United States v. Novak*, 217 F.3d 566, 574 (8th Cir. 2000) ("A variance between the indictment and proof at trial requires reversal of a conviction only if the variance actually prejudiced the defendant." (citation modified)).

The January 31 evidence is neither a constructive amendment nor a variance.  The admission of this material would not create a "substantial likelihood" of conviction on an uncharged offense.  *See United States v. Lasley*, 917 F.3d 661, 664 (8th Cir. 2019).  It is not being introduced as evidence of possession on that date, but to explain why police were looking for narcotics trafficking at the Golden Fingers parking lot on February 1.  The Government agreed at oral argument that it would be error for the jury to find that the elements of the offense were not met as to the February 1 conduct, but that Mr. Early was guilty of possession with intent to distribute on January 31.  There is also no variance because there is no prejudice to Mr. Early, as explained with respect to Rule 403.  *See Novak*, 217 F.3d at 574.

*Mr. Early's Motion No. V*

Mr. Early moves to preclude officers from narrating surveillance video.  ECF No. 94 at 6–7.  The Government opposes, explaining that it intends to introduce video evidence from January 31 and February 1 of the hand-to-hand transactions and "hav[e] a police officer testify about what he observes in the footage," as well as "testimony, based on experience as a law enforcement officer, about how drug transactions look and how long they typically take."  ECF No. 103 at 13–15.  This motion will be denied.

Mr. Early seeks to prevent officers from testifying that the video footage shows "that certain actions of Mr. Early are hand-to-hand controlled substance transactions."  ECF No. 94 at 6.  He argues this would be "in essence expert witness testimony that offers an opinion on the ultimate issues in this case."  *Id.*  In his view, that would violate the Rules of Evidence.  *See* Fed. R. Evid. 602 (requiring lay witnesses to have personal knowledge of

6

the matter of their testimony); Fed. R. Evid. 701 (requiring lay testimony to be "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "not based in scientific, technical, or other specialized knowledge"); *United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001) ("Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events."); *Airhart*, 147 F.4th at 866 (finding it error to admit officer testimony that the defendant "was holding and shooting a firearm—conclusions [the officer] drew simply from watching the video, adding nothing that the jury could not conclude on its own"); *cf. United States v. Dierks*, 978 F.3d 585, 592 (8th Cir. 2020) ("We have been skeptical of lay testimony from law enforcement officer 'interpreting' evidence.").

Here, the testimony the Government intends to introduce is admissible. A police officer may testify about what he sees in video footage when the testimony is "based upon his experience as a law enforcement officer d[oes] more than merely narrate the video." *United States v. Williams*, 41 F.4th 979, 985 (8th Cir. 2022). In *Williams*, the court ruled it was proper to admit testimony that a flash of light on the video was a muzzle flash, where the testimony was based on the witness's experience as a law enforcement officer and "assisted the jury in understanding the exhibit." *Id.* 985 (citation modified).[1]  Similarly,

---

[1]    *Williams* declined to consider another argument, that the officer's oral description of a video exhibit was "invading the province of the jury as to what they see on that video," because the defendant failed to appeal the district court's admission of that testimony. 41 F.4th 979, 984 (8th Cir. 2022).

officer testimony here will concern the nature of hand-to-hand drug transactions, a subject familiar to law enforcement.[2]  There is no reason at this point to think the video narration will simply repeat what the jury already knows or "so invade[] the province of the jury" that it would be inadmissible.  *Id.* (quoting *Peoples*, 250 F.3d at 642).

*Mr. Early's Motion No. IX*[3]

Mr. Early moves to exclude DNA evidence because the Government failed to disclose the search warrant for his DNA buccal swab.  ECF No. 105 at 4–5.  The Government opposes.  ECF No. 109 at 3–8.  This motion will be denied.

According to Mr. Early, law enforcement executed a search warrant in August 2025 and took a DNA sample from Mr. Early.  ECF No. 105 at 4.  The Government says that it provided a copy of the search warrant to the former counsel, but has not found a record of the exact date of disclosure.  *Id.*  It is undisputed that the Government provided Mr. Early a copy of the search warrant in August 2025.  ECF No. 109 at 7.  On February 6, 2026, Aaron Morrison took over representation of Mr. Early.  ECF No. 85.  On March 29, Mr. Morrison requested the search warrant, and the Government's counsel said it would be sent that day.  ECF No. 105 at 4.  It wasn't.  *Id.*  Mr. Morrison followed up two days later, and the Government disclosed the search warrant that day, March 31.  *Id.*

---

[2]    Of course, if the testifying officer lacks the necessary training or experience, Mr. Early may object as to lack of foundation.

[3]    Mr. Early filed two sets of motions *in limine*, each with numbers I, II, and III.  ECF Nos. 94, 105.  This motion is labeled number III in Mr. Early's second set.  ECF No. 105 at 4.  I renamed it to avoid confusion.

8

Excluding DNA evidence is unwarranted.  Mr. Early has not shown a violation of *Brady v. Maryland* or a court order.  *See* 373 U.S. 83, 87 (1963); *United States v. Davis*, 244 F.3d 666, 670 (8th Cir. 2001) ("The district court has broad discretion in imposing sanctions on parties for failing to comply with discovery orders."); Fed. R. Crim. P. 16(d)(2) (allowing courts to order discovery, grant a continuance, exclude evidence, or "enter any other order that is just under the circumstances").  Even assuming the Government did not disclose the search warrant to Mr. Early's counsel in August 2025, the warrant was disclosed to Mr. Early himself.  *See United States v. Flores-Mireles*, 112 F.3d 337, 339–40 (8th Cir. 1997).  The Government was required to disclose the search warrant and make it available for inspection on "defendant's request," which here came on March 29, 2026.  Fed. R. Crim. P. 16(a)(1)(B).  The Government did so within two days.  That's much less egregious than the facts in *Davis*, where the Government was required to disclose DNA evidence by February 28, but did not even ask to expedite testing until March 24, and received the evidence on March 31, which was three days before trial.  *See Davis*, 244 F.3d at 668–69.  Bad faith does not explain the Government's delay, and there is no prejudice to Mr. Early.  No sanction is appropriate, let alone exclusion.

*The Government's Motion No. II*

The Government moves to admit Rule 404(b) evidence, namely, Mr. Early's 2016 conviction for distribution of cocaine.  ECF No. 99 at 4–9; *see* ECF No. 76 (notice of intent filed December 5, 2025).  Mr. Early opposes.  ECF No. 95.  This motion will be granted.

On February 8, 2016, Mr. Early pleaded guilty to distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  *United States v. Early*, No. 15-cr-106, ECF No.

9

339 ¶ 1.  He admitted that he sold 0.5 grams of cocaine base in three bindles for $60, and that an informant saw him "take the cocaine base from a larger bag containing approximately 20 bindles of cocaine base, with a combined weight of approximately four grams." *Id.* ¶ 2.  The Government seeks to call Lieutenant Adam Lepinski to testify about the 2016 conviction.  ECF No. 99 at 7.

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  It is a rule of inclusion, making admissible evidence of other acts if it is "(1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value."  *United States v. Thomas*, 593 F.3d 752, 757 (8th Cir. 2010) (quoting *United States v. Thomas*, 398 F.3d 1058, 1062 (8th Cir. 2005)); *accord United States v. Wilburn*, --- F.4th ---, No. 25-1234, 2026 WL 913399, at *1 (8th Cir. Apr. 3, 2026).  The Government bears the burden of showing that the evidence is admissible for non-propensity purposes.  *United States v. Jackson*, 856 F.3d 1187, 1192 (8th Cir. 2017).  District courts should "specify which components of the rule form the basis for [the] ruling and why."  *See United States v. Johnson*, 439 F.3d 947, 953–54 (8th Cir. 2006).

The Government argues that the facts pleaded to in the prior conviction are relevant to Mr. Early's knowledge, intent, and lack of mistake.  ECF No. 99 at 7.  The prior offense

10

meets all three grounds.  It shows that Mr. Early knew how to conduct drug sales, including by packaging contraband in bindles.  *See Wilburn*, 2026 WL 913399, at *2 ("The evidence is relevant to knowledge because there is a likelihood that repeated instances of behavior, even if originally innocent, will have resulted in defendant's having the requisite state of knowledge by the time of the charged crime." (citation modified)).  It is also relevant to his intent.  *See Thomas*, 398 F.3d at 1063 (finding prior offense "sufficiently similar to support an inference of criminal intent" (quoting *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001)));  *Jackson*, 856 F.3d at 1192 (finding "the government established a valid purpose to admit the evidence and showed how the prior bad acts were similar in kind and close in time to the charged conduct").  Though Mr. Early argues the Government speculates what his defense theory will be, intent is an element of the charged offense.  *See Thomas*, 398 F.3d at 1061; *cf. United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (finding defendant put his knowledge at issue by making a "mere presence" defense to a conspiracy to distribute charge).

The other elements of the four-prong test are also met.  The past conviction occurred about nine years before the charged offense, which is not too far removed in time under the Eighth Circuit's reasonableness test.  *See United States v. Edelmann*, 458 F.3d 791, 810 (8th Cir. 2006) (finding admissible three convictions that were fifteen years old and were similar to the charged crime); *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) (admitting nineteen-year-old conviction, though noting "reluctan[ce] to uphold the introduction of evidence relating to acts or crimes which occurred more than thirteen years prior to the conduct challenged").  Mr. Early cites no case where an nine-year gap was too

11

long for Rule 404(b) purposes.  There is also no dispute that Mr. Early committed the prior offense, and its potential prejudice does not substantially outweigh its probative value.  *See Thomas*, 593 F.3d at 757.

*The Government's Motion No. IV*[4]

The Government moves to exclude evidence that the owner of the GMC Terrain, a woman identified as N.W., was convicted of conspiracy to distribute methamphetamine in 2018.  ECF No. 107 at 1–5.  The Government recognizes that it is admissible for impeachment purposes under Rule 609, but argues it is otherwise inadmissible "reverse" Rule 404(b) evidence.  *Id.*  Mr. Early opposes, arguing this evidence is necessary for him to offer a complete defense.  ECF No. 108 at 2.

To begin, N.W.'s conviction is subject to Rule 404(b) and is not intrinsic evidence. Mr. Early argues that it is "admissible because it provides the context in which the charged crime occurred," ECF No. 108 at 2, but this is not convincing.  But evidence that N.W. possessed narcotics some years previously "does not tend logically to prove any element of the crime charged, so it is not an integral part of the immediate context of the crime charged."  *United States v. White Plume*, 847 F.3d 624, 628 (8th Cir. 2017) (citation modified).  In *White Plume*, the defendant was charged with child abuse of his grandson, and he sought to introduce evidence that his wife committed child abuse in the past.  *Id.* at 626, 628.  Because his wife's offense did not involve the grandson, it was not intrinsic

---

[4]     This is the only motion the Government's filing at ECF No. 107.  I labeled it Number IV for clarity's sake.

evidence. *Id.* at 628.  Similarly, there is no nexus between N.W.'s 2018 conviction and the narcotics at issue here, so it is not intrinsic evidence.

Because there is no non-propensity reason to introduce the conviction, it is inadmissible in Mr. Early's case-in-chief under Rule 404(b).  In a "reverse 404(b)" case like this, some of the standard exceptions may not apply.  *See United States v. Battle*, 774 F.3d 504, 513 (8th Cir. 2014).  A non-defendant's knowledge and intent may well be "irrelevant to any issue at trial," *id.*, for the simple reason that only the defendant's *mens rea* is at play.  At oral argument Mr. Early explained that N.W. owns the vehicle and has kept her belongings in it, and that Mr. Early was driving the vehicle for only the last two days before February 1, 2024.  In his view, the jury should be allowed to hear that the vehicle's owner has a prior conviction for drug distribution.  But he has not explained why this is relevant, other than for N.W.'s propensity to possess drugs in her vehicle.  *See United States v. Ferguson*, No. 23-cr-203, ECF No. 189 at 135:12–16 ("The Court has not heard, nor has the defense suggested, any plausible non-propensity purpose for this evidence to be introduced because [the non-defendant] is not on trial here and so the usual non-propensity purposes are inapplicable here.").  Since Rule 404(b) forbids that argument, the motion will be granted.

## ORDER

Accordingly, based upon all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1.    Mr. Early's Motion *in Limine* Number IV [ECF No. 94 at 3–6] is **DENIED**.

2.    Mr. Early's Motion *in Limine* Number V [ECF No. 94 at 6–7] is **DENIED**.

13

3.    Mr. Early's Motion *in Limine* Number IX [ECF No. 105 at 4–5] is **DENIED**.

4.    The Government's Motion *in Limine* Number II [ECF No. 99 at 4–9]  is

**GRANTED**.

5.    The  Government's  Motion  *in Limine*  Number  IV  [ECF  No.  107]  is

**GRANTED**.


Dated:  April 9, 2026                                      s/ Eric C. Tostrud
                                                           Eric C. Tostrud
                                                           United States District Court