UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

      Plaintiff,

v.

Paul Antonio Early,

      Defendant.

File No. 24-cr-151 (ECT/JFD)

**OPINION AND ORDER**

---

Raphael Coburn and Syngen Kanassatega, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Aaron J. Morrison and Matthew Deates, Office of the Federal Defender, Minneapolis, MN, for Defendant Paul Antonio Early.

---

Mr. Early has moved for judgment of acquittal, or, in the alternative, a new trial. ECF No. 133. The motion will be denied.

"Under Federal Rule of Criminal Procedure 29(a), a district court must grant a defendant's motion for judgment of acquittal where the evidence is insufficient to sustain a conviction." *United States v. Love*, 20 F.4th 407, 413 (8th Cir. 2021) (quoting *United States v. Hardin*, 889 F.3d 945, 949 (8th Cir. 2018)); *see* Fed. R. Crim P. 29(c) (allowing defendant to move for judgment of acquittal after trial). In deciding a motion for judgment of acquittal, a court must "view[] the evidence in the light most favorable to the guilty verdict, resolv[e] all evidentiary conflicts in favor of the government, and accept[] all reasonable inferences supported by the evidence." *United States v. Espinosa*, 585 F.3d 418,

423 (8th Cir. 2009) (quoting *United States v. Thompson*, 533 F.3d 964, 970 (8th Cir. 2008));

*see United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004) ("A motion for judgment of

acquittal should be granted only where the evidence, viewed in the light most favorable to

the government, is such that a reasonably minded jury must have a reasonable doubt as to

the existence of any of the essential elements of the crime charged.").

The Government presented sufficient evidence to sustain a guilty verdict of

possession with intent to distribute cocaine.  Lt. Adam Lepinski testified that he observed

what he believed, based on his training and experience, to be a hand-to-hand drug sale on

February 1.  Video of that alleged drug sale was shown to the jury.  Lt. Lepinski arrested

Mr. Early and, upon searching him, found keys to the GMC Terrain.  In that vehicle, officers

discovered a plastic bag tucked in the lining of the driver-side visor area containing

suspected narcotics in small plastic baggies.  A scientist at the Bureau of Criminal

Apprehension tested the substance and testified that it was cocaine.  Another Bureau

scientist tested one of the baggies for DNA, and testified that the major male profile of the

sample matched Mr. Early's DNA, and that it was unlikely Mr. Early's DNA could have

been transferred onto the baggies from elsewhere in the vehicle.  Viewing this evidence in

the light most favorable to the guilty verdict, there was sufficient evidence to sustain a

conviction.  The renewed motion for judgment of acquittal will be denied.

"Upon the defendant's motion, the court may vacate any judgment and grant a new

trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Though this standard is

more lenient than the standard for judgment of acquittal, the Eighth Circuit has instructed

district courts to grant new trials "sparingly and with caution."  *United States v. Dodd*, 391

F.3d 930, 934 (8th Cir. 2004) (quoting *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)). "Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Campos*, 306 F.3d at 579. Courts have considered whether their pre-trial evidentiary rulings were incorrect in deciding whether the interest of justice requires a new trial. *See, e.g.*, *United States v. Johnson*, 403 F. Supp. 2d 721, 766–74 (N.D. Iowa 2005).

> When a motion for new trial is based on rulings regarding the admissibility of evidence, the district court will not be reversed absent a clear and prejudicial abuse of discretion. Only if the excluded evidence is of such a critical nature that there is no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted has a district court so abused its discretion.

*White v. McKinley*, 605 F.3d 525, 533 (8th Cir. 2010) (citation modified). If there is no abuse of discretion in excluding certain evidence, it is not error to deny a motion for new trial on that ground. *United States v. Kirkie*, 261 F.3d 761, 768–69 (8th Cir. 2001).

Mr. Early argues that a recent Eighth Circuit case requires a new trial to correct an erroneous pre-trial ruling. ECF No. 133 at 2–10; *see United States v. Parrow*, 172 F.4th 625, 629–32 (8th Cir. 2026). Some context is helpful. A few days before trial, I granted the Government's Motion *in Limine* Number IV. ECF No. 112 at 12–14. The Government had moved to preclude evidence that Mr. Early's girlfriend, N.W., was convicted of conspiracy to distribute methamphetamine in 2018. *See* ECF No. 107 at 1–2; ECF No. 123 (N.W.'s plea agreement); ECF No. 123-1 (N.W.'s judgment). N.W. owned the GMC Terrain, where the cocaine was found. ECF No. 107 at 1. The Government argued that the N.W.'s conviction was inadmissible under Federal Rule of Evidence 404(b). *Id.* at 2–4.

3

Mr. Early opposed the motion on the grounds that the evidence was relevant to N.W.'s knowledge, and that it was necessary to make a complete defense. ECF No. 108 at 3–4. I agreed with the Government and granted the motion. As I explained then,

> Because there is no non-propensity reason to introduce the conviction, it is inadmissible in Mr. Early's case-in-chief under Rule 404(b). In a "reverse 404(b)" case like this, some of the standard exceptions may not apply. *See United States v. Battle*, 774 F.3d 504, 513 (8th Cir. 2014). A non-defendant's knowledge and intent may well be "irrelevant to any issue at trial," *id.*, for the simple reason that only the defendant's *mens rea* is at play. At oral argument Mr. Early explained that N.W. owns the vehicle and has kept her belongings in it, and that Mr. Early was driving the vehicle for only the last two days before February 1, 2024. In his view, the jury should be allowed to hear that the vehicle's owner has a prior conviction for drug distribution. But he has not explained why this is relevant, other than for N.W.'s propensity to possess drugs in her vehicle. *See United States v. Ferguson*, No. 23-cr-203, ECF No. 189 at 135:12–16 ("The Court has not heard, nor has the defense suggested, any plausible non-propensity purpose for this evidence to be introduced because [the non-defendant] is not on trial here and so the usual non-propensity purposes are inapplicable here."). Since Rule 404(b) forbids that argument, the motion will be granted.

ECF No. 112 at 13.

"When considering the admissibility of Rule 404(b) evidence for a permissible purpose, a court must determine that the evidence is relevant, is similar in kind and not too remote in time, is sufficiently supported by the evidence, and the potential prejudice does not substantially outweigh the probative value." *United States v. Thomas*, 791 F.3d 889, 894 (8th Cir. 2015). The proponent of Rule 404(b) evidence must "identify the permissible non-propensity purpose for the evidence, and must articulate the relationship between the

evidence and a material issue in the case." *United States v. Jackson*, 856 F.3d 1187, 1192 (8th Cir. 2017) (citation modified).

Before getting to *Parrow*, it is worth reviewing earlier Eighth Circuit reverse 404(b) cases. In *Battle*, officers pulled over three individuals in a vehicle: Defendant Delvonn Battle, Darrel Hardy, and Ryan Marshall. 774 F.3d at 508. They asked the men to exit the vehicle, and when Hardy got out, he fled and was caught quickly afterward. *Id.* A search of the vehicle revealed a firearm tucked under the front passenger seat, where Battle had been sitting. *Id.* at 508–09. Battle was charged in federal court with illegally possessing a firearm. *Id.* at 509. He attempted to bring in evidence of Hardy's prior convictions to prove Hardy's modus operandi (of carrying guns and running from police), knowledge, and intent. *Id.* at 510, 512–13. The district court properly excluded the convictions, the Eighth Circuit held, because Hardy's behavior was not "sufficiently idiosyncratic" to show modus operandi, and "evidence of Hardy's past possession of weapons was not relevant to the issue of Battle's knowing possession of this firearm." *Id.* at 513–14. There was no dispute that Hardy knew the gun was in the vehicle and that he intended to jointly possess it with Battle, so the past convictions were not probative of Battle's state of mind. *Id.*

In *United States v. White Plume*, Defendant Timothy Kenneth White Plume and his wife, Natalie, were at home with Natalie's infant grandson, L.L. 847 F.3d 624, 626 (8th Cir. 2017). L.L. suffered skull fractures and a leg fracture that left him severely physically and cognitively impaired. *Id.* at 626–27. White Plume was charged with assault resulting in serious bodily injury and child abuse. *Id.* at 626. Pursuant to Rule 404(b), the district court excluded evidence of Natalie's prior conviction for child abuse. *Id.* at 627. The

5

proposed non-propensity purposes regarding Natalie's state of mind were not relevant to any disputed matter at trial. *Id.* at 629. White Plume argued that the evidence could prove "Natalie's motive, when overwhelmed by child care, to abuse young children in the household." *Id.* The court rejected this proposed use, reasoning that "[t]here was no showing [Natalie] was angry or overwhelmed on December 8. Any connection between the past acts and L.L.'s injuries is speculative." *Id.* And her conviction could not be used to prove identity, which requires a closer similarity between the past act and the charged crime than was present. *Id.* ("The charged crime and the prior abuse involve different victims, different injuries, and different degrees of severity. That they are both child abuse does not show there were carried out in an 'unusual and distinctive manner.'" (quoting *United States v. Le-Compte*, 99 F.3d 274, 278 (8th Cir. 1996))).

In *United States v. Brown*, law enforcement searched an apartment on Clark Street where Defendant Richard Lee David Brown and third-party Kenny Smart were present. 88 F.4th 750, 754 (8th Cir. 2023). Officers discovered cocaine base and drug paraphernalia. *Id.* Smart "was charged, tried, and found guilty of possession of a firearm as a felon and use of a firearm in furtherance of a drug crime." *Id.* at 755. Brown was indicted for possession with intent to distribute cocaine base. *Id.* At Brown's trial, the jury heard evidence of Smart's conviction arising from the Clark Street arrest, including that Smart cooked cocaine powder and sold cocaine base out of the Clark Street apartment. *Id.* Brown sought to admit evidence of Smart's prior convictions, but the district court denied these under Rule 404(b). *Id.* at 758. The Eighth Circuit declined to "decide the propriety of the evidentiary ruling because there [was] no indication that the exclusion of the 'reverse'

6

404(b) evidence had more than a slight influence on the verdict." *Id.* At trial, "Brown was able to offer ample details about Smart and use that information to 'sow doubt' as to who possessed the drugs," so excluding the convictions "could have had no more than 'a slight influence on the verdict.'" *Id.*

In *United States v. Ortiz*, officers responded to an emergency at a hotel room where Defendant Cindy Ortiz and third-party Richard Vaida were staying. No. 23-1249, 2024 WL 3688737, at *1 (8th Cir. Aug. 7, 2024) (per curiam). Vaida was found dead in a jacuzzi, and officers saw in plain view a glass jar containing methamphetamine on the jacuzzi. *Id.* Officers obtained a search warrant for bags inside the hotel room, and the search revealed more methamphetamine. *Id.* Ortiz was seen wearing one of the bags as she entered the hotel. *Id.* Surveillance showed Ortiz carrying another bag inside which officers found Ortiz's identification and women's clothing. *Id.* Ortiz was charged with possession with intent to distribute methamphetamine. *Id.* at *2. She attempted to introduce evidence of Vaida's prior conviction for conspiracy to distribute methamphetamine, arguing that it was admissible to show her lack of intent to distribute drugs. *Id.* at *3. The district court excluded the evidence, and the Eighth Circuit affirmed, explaining that the conviction's exclusion "did not prevent Ortiz from raising questions about her intent to distribute methamphetamine." *Id.* "Given the information Ortiz put before the jury on intent, which was sufficient to create a fact question for the jury, the exclusion of Vaida's prior federal conviction did not affect her substantial rights and could have had no more than 'a slight influence on the verdict.'" *Id.*

7

Finally, in *Parrow*, the Eighth Circuit ruled that the district court improperly excluded reverse 404(b) evidence, so the panel vacated a conviction for possession with intent to distribute and remanded for a new trial.  172 F.4th at 630–32.  Law enforcement suspected Defendant Paul Parrow was selling narcotics, and they executed a search warrant for a house he was leasing on Esplanade Avenue.  *Id.* at 628.  Officers recovered methamphetamine and fentanyl from the house, as well as drug paraphernalia.  *Id.*  Parrow called Clemmie Kirk as a witness, who was one of the house's owners.  *Id.* at 629.  Parrow sought to introduce evidence of Kirk's two prior felony convictions for intent to deliver marijuana and one felony conviction for intent to deliver marijuana and fentanyl, arguing the convictions were admissible to show "Kirk's opportunity and knowledge regarding storing methamphetamine and fentanyl in a safe inside a bench at the house."  *Id.*  At least one of the convictions involved Kirk selling drugs from the Esplanade Avenue house.  *Id.* at 631.  The district court excluded the convictions under Rule 404(b).  *Id.* at 630.  During Kirk's testimony, the court admitted the convictions for impeachment purposes under Rule 609(a), but "[t]he jury heard only the name, date, and disposition of the convictions."  *Id.* at 629.  The Eighth Circuit ruled that excluding the convictions under Rule 404(b) was reversible error.  Parrow had established a non-propensity purpose: "Kirk's opportunity to store drugs at the house."  *Id.* at 630.  The court did not reach the question whether knowledge was also a non-propensity purpose.  *See id.*  It next found the convictions were relevant to the element of possession, in part because of the paucity of evidence connecting Parrow to the drugs.  *Id.* at 630–32.  "The government presented no evidence of Parrow storing drugs in or retrieving drugs from the safe.  Evidence that another drug dealer had

8

access to the house and sold drugs out of that house is relevant to the possession charge." *Id.* at 631. The court concluded that Kirk's convictions were sufficiently similar to the alleged conduct and sufficiently close in time, and their potential prejudice did not substantially outweigh their probative value. *Id.* at 631–32.

Here, Mr. Early argued that N.W.'s conviction was admissible to show her knowledge, and so he could present a complete defense. ECF No. 108 at 3–4. Mr. Early did not identify opportunity as a non-propensity purpose. *See id.* At the pretrial conference, he argued that "[t]he jury should be able to hear that the person who actually owns the vehicle, that recently purchased that vehicle, is a drug dealer, is a convicted drug dealer, and they should be able to determine, then, whether or not those drugs actually belong to her and Mr. Early just happened to be driving the vehicle that day." ECF No. 118 at 71. I do not understand this argument to invoke opportunity as the non-propensity purpose. He did not argue the prior conviction was evidence that N.W. could have put the drugs in the vehicle. I concluded at the time, and conclude again here, that Mr. Early did not articulate a viable non-propensity argument for admitting the conviction.

Even accepting opportunity as the proffered reason, Mr. Early has not shown a relationship between N.W.'s conviction and a material issue. *See Jackson*, 856 F.3d at 1192. He argued that N.W.'s conviction was "relevant to the material issue of who possessed the controlled substances on February 1, 2024." ECF No. 108 at 3. *Parrow* identified the same issue. *See* 172 F.4th at 630. But there, Kirk was previously convicted of distributing drugs from the house at issue. *Id.* at 631. N.W. did not plead to distributing drugs from the GMC Terrain, ECF No. 123 at 1–2, so the nexus between her conviction

9

and whether Mr. Early knowingly possessed cocaine in that vehicle is weaker than comparable evidence in *Parrow*. As in *White Plume*, the connection between N.W.'s previous offense and the drugs at issue is speculative. *See* 847 F.3d at 629.

Even if the conviction was relevant, it was marginally relevant, unlike in *Parrow*. In that case "there was scant evidence establishing Parrow's knowing possession of the drugs in the safe." *Parrow*, 172 F.4th at 632. Here, much stronger evidence supported Mr. Early's knowing possession of cocaine in the GMC. Lt. Lepinski testified that he observed Mr. Early engage in a hand-to-hand drug sale; the jury was presented video of that alleged sale; Mr. Early possessed keys to the GMC; and officers discovered baggies of cocaine in the GMC, which, when tested for DNA, produced a major male profile that matched Mr. Early's DNA. The excluded conviction did not prevent Mr. Early from raising questions about who possessed the drugs in the GMC. *See Brown*, 88 F.4th at 758; *Ortiz*, 2024 WL 3688737, at *3. N.W. was on the Government's witness list, ECF No. 100, and both the Government and Mr. Early declined to call her to testify. I conclude that, even if Mr. Early properly raised this argument, and if the evidence were admissible, N.W.'s conviction was not "of such a critical nature that there is no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted." *White*, 605 F.3d at 533 (citation modified). Put another way, "the exclusion of the 'reverse' 404(b) evidence could have had no more than 'a slight influence on the verdict.'" *Brown*, 88 F.4th at 758.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Paul Antonio Early's motion for judgment of acquittal or, in the alternative, a new trial [ECF No. 133] is **DENIED**.

Dated: June 16, 2026                                s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court